**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| GARY BLACKBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 2:10 CV 87 |
| | ) |
| MENARD, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on defendant Menard, Inc.'s ("defendant") second motion for summary judgment on plaintiff Gary Blackburn's ("plaintiff") complaint. (DE # 59.) Plaintiff has filed a response to that motion (DE # 62), and defendant has filed a reply (DE # 64.) For the following reasons, defendant's motion is granted.

**I.  Facts and Procedural Background**

This case arises out of plaintiff's slip and fall at defendant's Merrillville, Indiana store in January of 2008. Defendant previously moved for summary judgment on plaintiff's only claim – negligence under Indiana law. (DE # 48.) The court granted that motion in part and denied it in part, after concluding that defendant could not be liable on plaintiff's theory that defendant was negligent for failing to remove the ice that he had slipped on, but denied the motion on plaintiff's theory that defendant had failed to warn him about the ice because defendant had not addressed that theory in its motion. (DE # 58.) The court granted defendant leave to file an additional motion for summary judgment. (*Id.*)

Because the court has already summarized the facts of this case, it will quote from its previous order outlining the facts, before addressing the factual disputes the parties raise in their new briefs:

> On January 24, 2008, plaintiff stopped at defendant's Merrillville location on his way to work. (DE # 52-1 at 1-2.) It had snowed earlier that day (*id.* at 1), but was not snowing when plaintiff pulled into the parking lot (*id.* at 2). Plaintiff arrived at defendant's store at some time before 1:00 p.m., which was when plaintiff's shift at work was scheduled to start. (DE # 50-1 at 6-7.) There was snow on the sidewalk as plaintiff entered the store, but plaintiff does not remember seeing any ice and did not have any problems as he was walking into the store. (DE # 52-1 at 5.)
>
> Plaintiff remained in the store for approximately ten to fifteen minutes. (DE # 50-1 at 8.) As he prepared to exit the store, plaintiff looked out of the glass windows at the front of the store and noticed that it had started snowing and raining outside. (DE # 52-1 at 3-4.) After exiting the store and taking two or three steps onto the sidewalk, plaintiff slipped on what he believed to be ice and injured himself. (DE # 50-1 at 12-13, 16.) Plaintiff was then carried inside the store by someone he believes was one of the store's employees. (DE # 52-1 at 7.) After his fall, plaintiff noticed that there were two of defendant's employees shoveling the sidewalk. (DE # 52 at 2; DE # 52-1 at 13.) As he was carried into the store, plaintiff heard one of the employees that had been shoveling say "we should have started at the other door, I guess." (DE # 52 at 2; DE # 52-1 at 10.)
>
> The current manager of defendant's Merrillville store, Michael O'Dore, testified that store employees will remove snow on the store's sidewalks, apply salt if needed, and make sure that the entrances and exits are clear at all times. (DE # 52-2 at 2.) If an employee sees snow or ice, it is their job to make sure that the snow or ice is removed. (*Id.*) Inspections for snow and ice are not done on any sort of schedule (i.e. every hour, every half hour, etc.), but instead it is the responsibility of each of defendant's employees to constantly be on the lookout for the presence of snow and ice. (*Id.* at 3, 5.) Additionally, O'Dore testified that two snow removal trucks had been at defendant's Merrillville store on January 24, 2008, from 1:30 a.m. to 3:00 a.m.. (*Id.* at 4.)

(DE # 58 at 1-2.)

In his response to defendant's second motion for summary judgment, plaintiff disputes several facts from defendant's statement of undisputed facts, most of which the court previously found to be undisputed in its prior order. A close examination of the evidence, however, reveals that most of the facts are not actually in dispute. The court will address each one of plaintiff's arguments in turn.

In defendant's statement of undisputed facts, defendant asserts that plaintiff had no difficulty walking through or entering the store upon his arrival at the store. (DE # 60 at 2.) In response, plaintiff argues that he "could not recall if he had difficulty walking across the lot or otherwise had to be extra careful." (DE # 62 at 2-3.) Despite at one point testifying in his deposition that he could not recall whether he had any difficulty walking into the store (DE # 62-1 at 2), he later testified that he did not have any problems on his walk into the store:

> Q: Okay. Now was there snow on the sidewalk as you were walking up onto the sidewalk to enter the store?
> A: Yes.
> Q: Okay. Was there ice on the sidewalk as you were walking into the store?
> A: Going in I didn't have no problem. [sic]

(DE # 61-1 at 11.) Thus, like it did in reviewing defendant's original motion, the court will treat this fact as undisputed.

Next, defendant states in its statement of undisputed facts that prior to exiting the store, plaintiff noticed "a mixture of snow and rain began to fall and was still falling when he prepared to leave." (DE # 60 at 2.) In response, plaintiff argues that he "did not testify that he saw a mixture of snow and rain fall while he was

3

inside the store. He testified that as he prepared to exit the store he could see snow outside, and believed it might have been snowing but could not be sure." (DE # 62 at 3.) Plaintiff directs the court to the following portion of his deposition testimony to support this argument:

> Q: Do you remember looking outside the big glass wall?
> A: Yes
> Q: Okay. Did you see anything on the ground?
> A: Yes
> Q: Okay. What did you see on the ground?
> A: Snow.
> Q: Okay. And you believe it may have been snowing at the time?
> A: Yes
> Q: Okay. Do you know that for sure?
> A: No.

(DE # 62-1 at 4.)

If this had been the only testimony that plaintiff had given on this issue, the court would agree with plaintiff that his testimony revealed that he was not sure whether it was snowing when he left the store, but plaintiff went on to give additional testimony about what he saw as he was exiting the store in that very same line of questioning:[1]

> Q: And you believe that it may have been snowing [as you were exiting the store]?
> A: Yes.
> Q: Okay. Do you know that for sure?
> A: No.
> Q: Okay. Do you have an independent recollection of seeing precipitation?
> A: Yes. I think so.
> Q: Okay. Now was it snow?
> A: Yes.

---

[1] The court has repeated several of the questions from the previous quote to better show how the questions on this issue unfolded in the deposition.

4

> Q: Okay.
> A: It was – there was snow and rain together.
> Q: Okay. A mix?
> A: There was a mix. It was right at the temperature of snow and rain. And that's what caused the problem, because it rained. And it froze on the sidewalk.
> Q: Okay.
> A: And then the snow landed on top of it.
> Q: Okay. And this precipitation wasn't going on at the time you entered the store?
> A: No. There was just snow on the ground.
> Q: Okay. Now was there snow on the sidewalk as you were walking up onto the sidewalk to enter the store?
> A: Yes.
> Q: Okay. Was there ice on the sidewalk as you were walking into the store?
> A: Going in I didn't have no problem. [sic]
> Q: Okay. But was there anything on the ground?
> A: I don't remember, uhn-uhn, don't remember.
> Q: You walk in the store. You exit the store. You see precipitation?
> A: Uhm-uhm.
> Q: Is that a yes?
> A: Yes.

(DE # 61-1 at 10-11.) As defendant points out in its reply brief (DE # 64 at 3-4), although plaintiff initially expressed uncertainty about whether it was precipitating as he left the store, he went on to very clearly describe how he remembered a mix of snow and rain falling as he exited the store. Thus, like it did when it reviewed defendant's original motion to dismiss, the court will treat this fact as undisputed.

Next, defendant asserts in its statement of undisputed facts that plaintiff testified that "Blackburn also testified that, prior to exiting, he could see falling snow and wintry mix and that there was ice on the sidewalk that was being covered with snow." (DE # 60 at 2-3.) In response, plaintiff argues that the "deposition citation however shows only that Blackburn testified that he saw show on the ground, not that he saw

5

any falling snow or wintry mix. . . . He instead testified that as he prepared to exit the store he could see snow outside, and believed it might have been snowing but could not be sure." (DE # 62 at 3.)[2]

Once again, plaintiff directs the court to only a small portion of his testimony on whether it was precipitating when he was leaving the store. As the lengthy quote from plaintiff's deposition set out above clearly shows, however, after some initial hesitation, plaintiff unambiguously testified that there was a mix of rain and snow falling as he left the store. (DE # 61-1 at 10-11.) Plaintiff's argument on this point is unpersuasive, and the court will treat this fact as undisputed.

Plaintiff does correctly point out, however, that despite defendant's assertion that plaintiff "could see falling snow and wintry mix *and that there was ice on the sidewalk that was being covered with snow*" (DE # 60 at 2-3 (emphasis added)), plaintiff never testified that he saw ice on the sidewalk. (DE # 62 at 3.) The portion of plaintiff's deposition that defendant cites for this assertion does not support defendant's claim. (DE # 61-1 at 9-10.)

## II. Legal Standard

FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing

---

[2] Plaintiff makes the same objection to paragraph three, four, and five of defendant's statement of undisputed facts to whether he saw a mix of snow and rain as he was exiting the store. (DE # 62 at 3-4.) The same analysis applies to his objection to each of the paragraphs.

6

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met; it may discharge this responsibility by showing that there is an absence of evidence to support the non-moving party's case. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010) (citing *Celotex,* 477 U.S. at 323). To overcome a motion for summary judgment, the non-moving party must come forward with specific facts demonstrating that there is a genuine issue for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The existence of a mere scintilla of evidence, however, is insufficient to fulfill this requirement. *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)). The nonmoving party must show that there is evidence upon which a jury reasonably could find for him. *Id.*

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). On summary judgment a court may not make credibility determinations,

weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003) (citing *Anderson,* 477 U.S. at 255). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966, 968 (7th Cir. 1998); *Doe,* 42 F.3d at 443. Importantly, the court is "not required to draw *every* conceivable inference from the record [in favor of the non-movant]-only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M., v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (emphasis added).

### III. Analysis

To prevail on a claim of negligence under Indiana law, "a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007). Plaintiff's negligence suit in this case is based on premises liability. "The law is well established that a person entering upon the land of another comes upon the land as an invitee, a licensee, or a trespasser." *Christmas v. Kindred Nursing Ctrs. Ltd. P'ship*, 952 N.E.2d 872, 878 (Ind. Ct. App. 2011)."As 'a person who [was] invited to enter or remain on the land for a purpose directly or indirectly connected with business dealings with the possessor of the land,'" plaintiff became a business invitee when he arrived at defendant's store. *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012) (quoting *Burrell v. Meads*, 569 N.E.2d 637,

8

642 (Ind. 1991)). "A landowner owes the highest duty of care to an invitee, that duty being to exercise reasonable care for the invitee's protection while he is on the premises." *Christmas*, 952 N.E.2d at 880.

Indiana courts look to two sections of the Second Restatement of Torts in determining the duty owed to an invitee. First, Section 343 states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Hale v. SS Liquors, Inc.*, 956 N.E.2d 1189, 1192 (Ind. Ct. App. 2011) (quoting RESTATEMENT (SECOND) OF TORTS § 343 (1965)). All three conditions set out in Section 343 must be met for a defendant to be liable under a premises liability theory of negligence. *Christmas*, 952 N.E.2d at 880. Additionally, Section 343A, which is read in conjunction with Section 343, states in part: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Smith v. Baxter*, 796 N.E.2d 242, 244 (Ind. 2003) (quoting RESTATEMENT (SECOND) OF TORTS § 343A (1965)); *see also Christmas*, 952 N.E.2d at 881. "Thus, while a landowner's duty to a business invitee includes a duty to

exercise reasonable care to protect the invitee from foreseeable dangers on the premises, there is no duty to insure a business invitee's safety while on the premises." *Schulz*, 963 N.E.2d at 1144.

Turning to the case at hand, defendant argues that it cannot be held liable because plaintiff has failed to present any evidence that defendant had either actual or constructive knowledge of the ice that plaintiff slipped on. (DE # 60 at 10.) In response, plaintiff contends that defendant either actually knew about the ice or should have known about the ice by the time that plaintiff slipped. (DE # 62 at 11.) First, plaintiff argues that defendant had actual knowledge that there was ice on the sidewalk where plaintiff slipped. (DE # 62 at 11.) Plaintiff argues that if the slippery conditions on the sidewalk that caused plaintiff's fall were a result of the snow that had fallen much earlier in the day, defendant had notice of that condition because it had employees shoveling snow as plaintiff was exiting the store. (*Id.*) As the court explained in its previous order, however, plaintiff clearly testified in his deposition that the precipitation that caused his fall occurred during the ten to fifteen-minute period that plaintiff was in defendant's store. (DE # 58 at 11-13.)

Plaintiff alternatively argues that, assuming the slippery condition of the sidewalk was caused by the precipitation that occurred while plaintiff was in the store,[3] defendant had actual knowledge of this condition because it had two employees

---

[3] And, as the court just noted, plaintiff very clearly testified that the slippery condition of the sidewalk that caused his fall was the result of freezing ice and rain the began to fall after he was already in defendant's store. (DE # 58 at 11-13.)

shoveling snow at the store's entrance when plaintiff slipped. (DE # 62 at 11.) Plaintiff argues that the "fact that the Menard's employees were shoveling snow shows that they were aware of the condition, and the admission that 'we should have started at the other door' may be considered as recognition of the hazardous condition at the other, i.e., the exit door." (*Id.*)

This information does not raise an inference that those employees knew about the ice that plaintiff slipped on. There is no evidence, other than the fact that they were outside and could presumably see the snow and rain falling, that these employees knew that ice had formed on the exit ramp. These employees were not shoveling the area in which plaintiff fell, and there is no evidence that these employees were treating the area that they were working on for anything but snow. And the fact that defendant's employees allegedly said "we should have started at the other door" does not indicate that they knew either that plaintiff had slipped on ice or that they knew there was ice near the exit prior to plaintiff's fall.[4] Plaintiff has therefore failed to present any evidence that defendant had actual knowledge of the ice near the exit ramp.

Additionally, there is no evidence to support a finding that defendant had constructive notice of the ice that plaintiff slipped on. A premises owner has constructive knowledge of a hazardous condition when the "condition . . . has existed

---

[4] Like these employees, plaintiff knew about the snow on the sidewalk and also knew about the falling rain and snow. There is simply no evidence that defendant had any more knowledge about the slippery condition of the sidewalk by the exit than plaintiff did.

for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Schulz*, 963 N.E.2d at 1144 (citations and quotations omitted). The ten to fifteen-minute period between the time when plaintiff entered the store and the time when plaintiff slipped is not a sufficient amount of time to give defendant constructive notice of the ice near the store's exit. *Id.* at 1144-45; *see also Williams v. Meijer, Inc.*, No. 1:12–cv–510, 2013 WL 3146981, at *2 (S.D. Ind. June 18, 2013) (formation of hazardous condition in the seven to twelve minutes since the area was last checked insufficient to raise an issue of fact on constructive knowledge); *(see also* DE # 58). Without having actual or constructive knowledge of the ice that plaintiff slipped on, defendant cannot be liable. *Schulz*, 963 N.E.2d at 1144 ("As an invitor is not the insurer of the invitee's safety, and before liability may be imposed on the invitor, it must have actual or constructive knowledge of the danger."); *see also* RESTATEMENT (SECOND) OF TORTS § 343 (1965). By pointing out that plaintiff lacks evidence that it had actual or constructive knowledge of the ice, defendant has met its initial burden on summary judgment. Because plaintiff has not presented evidence that raises a question of fact on whether defendant had either actual or constructive notice of the ice, summary judgment is appropriate in this case.[5]

---

[5] Plaintiff points to the testimony of the current manager of defendant's Merrillville store, Michael O'Dore, in support of his claim. (DE # 62 at 910.) Plaintiff specifically points to O'Dore's testimony that defendant's employees are instructed to "constantly" be on the lookout for ice and snow on the premises. (*Id.*) Even assuming that defendant's employees had violated that policy, however, there is no "duty of

Even more to the point, however, plaintiff's only remaining theory of liability is that defendant is liable for failing to warn him about the ice (*see* DE # 58), and a warning about the slippery condition of the sidewalk would have been redundant because plaintiff already knew about the weather conditions and knew that he had to be careful as he was leaving the store. The undisputed facts show that plaintiff knew, prior to exiting defendant's store, that there was a mix of snow and rain falling:

> Q: And correct me if I'm wrong. The [store's] exit is a big glass wall?
> A: Right.
> Q: Okay. Do you remember looking outside that big glass wall?
> A: Yes.
> Q: Okay. Did you see anything on the ground?
> A: Yes.
> Q: Okay. What did you see on the ground?
> A: Snow.
> Q: And you believe that it may have been snowing [as you were exiting the store]?
> A: Yes.
> Q: Okay. Do you know that for sure?
> A: No.
> Q: Okay. Do you have an independent recollection of seeing precipitation?
> A: Yes. I think so.
> Q: Okay. Now was it snow?
> A: Yes.
> Q: Okay.
> A: It was – there was snow and rain together.
> Q: Okay. A mix?
> A: There was a mix. It was right at the temperature of snow and rain. And that's what caused the problem, because it rained. And it froze on the sidewalk.
> Q: Okay.
> A: And then the snow landed on top of it.

---

continuous monitoring and clearing during a winter storm" in Indiana. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 817 (7th Cir. 2006). Plaintiff's argument on this point is therefore unpersuasive.

> Q: Okay. And this precipitation wasn't going on at the time you entered the store?
> A: No. There was just snow on the ground.
> Q: Okay. Now was there snow on the sidewalk as you were walking up onto the sidewalk to enter the store?
> A: Yes.
> Q: Okay. Was there ice on the sidewalk as you were walking into the store?
> A: Going in I didn't have no problem. [sic]
> Q: Okay. But was there anything on the ground?
> A: I don't remember, uhn-uhn, don't remember.
> Q: You walk in the store. You exit the store. You see precipitation?
> A: Uhm-uhm.
> Q: Is that a yes?
> A: Yes.

(DE # 61-1 at 9-11.)

Additionally, the undisputed facts show that plaintiff knew that there was snow on the ground as he exited defendant's store:

> Q: But there was snow in the exit way–
> A: Uhm-uhm.
> Q: –sidewalk as you were walking out?
> A: Uhm-uhm.
> Q: Is that a yes?
> A: Yes.
> Q: And you remember seeing that snow?
> A: Yes.

(DE # 65 at 11.)

Finally, defendant testified that given that he had seen the mix of rain and snow falling outside before he exited the store and had seen the snow on the ground, he knew that he had to be careful as he was leaving the store:

> Q: But there was snow in the exit way–
> A: Uhm-uhm.
> Q: –sidewalk as you were walking out?
> A: Uhm-uhm.

> Q: Is that a yes?
> A: Yes.
> Q: And you remember seeing that snow?
> A: Yes.
> Q: Did you ever stop to think, hey, there's snow here, there could be ice here, because I see the rain too, and you should be careful?
> A: I'm always careful.
> Q: Okay. So you were careful?
> A: Uhm-uhm.
> Q: So you, as you were approaching the snow-covered sidewalk, it was already in your mind to be careful?
> A: Yes.
> Q: Okay. And why was it already in your mind to be careful?
> A: Because I'm a UPS employee.
> Q: Okay. And why is that important?
> A: Safety.

(DE # 65 at 11; DE # 61-1 at 17.)

As noted earlier, "a landowner owes an invitee a duty to exercise reasonable care for the invitee's protection while the invitee is on the landowner's premises." *Henderson v. Reid Hosp. and Healthcare Services*, 17 N.E.3d 311, 315 (Ind. Ct. App. 2014); *see also Pfenning v. Lineman*, 947 N.E.2d 392, 406 (Ind. 2011). Recently, Indiana courts have made clear that a plaintiff's subjective knowledge of the risk that causes his or her injury is not to be considered when analyzing the factors contained in Section 343 of the Restatement, but can be considered when analyzing whether defendant breached the duty it owed to the plaintiff. *Christmas,* 952 N.E.2d at 881 n.4; *see also Douglass v. Irvin,* 549 N.E.2d 368, 370 (Ind. 1990).

Before the Indiana courts concluded that a plaintiff's subjective knowledge of the risk that ultimately causes an injury is not to be considered in analyzing Section 343 of the Restatement, the Indiana Court of Appeals and the Seventh Circuit both concluded

15

that in Indiana "there is no 'duty' *to warn* concerning dangers which are open and obvious or known to the party injured." *Czarnecki v. Hagenow*, 477 N.E.2d 964, 968 (Ind. Ct. App. 1985) (emphasis in original). As the Seventh Circuit recognized:

> A duty to warn is predicated upon the understanding that individuals who have superior knowledge of the dangers posed by a hazard must warn those who lack similar knowledge. When an individual is already aware of the danger, a warning is not necessary. "A duty to warn exists only when those to whom the warning would go can reasonably be assumed to be ignorant of the facts which a warning would communicate. If it is unreasonable to assume they are ignorant of those facts, there is no duty to warn."

*Carter v. American Oil Co.*, 139 F.3d 1158, 1164 (7th Cir. 1998) (quoting *Burton v. L.O. Smith Foundry Prods. Co.*, 529 F.2d 108, 111 (7th Cir. 1976)).

Although these opinions were issued before the Indiana courts determined that a plaintiff's subjective knowledge of a risk is not to be factored into a Section 343 analysis, these cases are still relevant to the breach analysis in the case at hand. *Christmas,* 952 N.E.2d at 881 n.4. In this case, plaintiff's testimony shows that plaintiff clearly saw the rain and snow falling outside of the store through the large glass wall that served as the store's exit. Additionally, plaintiff's testimony reveals that he recognized the danger posed by the falling rain and snow, as he said that he knew he had to be careful walking out of the store:

> Q: But there was snow in the exit–
> A: Uhm-uhm.
> Q: –sidewalk as you were walking out?
> A: Uhm-uhm.
> Q: Is that a yes?
> A: Yes.
> Q: And you remember seeing that snow?
> A: Yes.

> Q: Did you ever stop to think, hey, there's snow here, there could be ice here, because I see the rain too, and you should be careful?
> A: I'm always careful.
> Q: Okay. So you were careful?
> A: Uhm-uhm.
> Q: So you, as you were approaching the snow-covered sidewalk, it was already in your mind to be careful?
> A: Yes.

(DE # 65 at 11; DE # 61-1 at 17.)

Given plaintiff's testimony that he could clearly see the mix of rain and snow falling outside of defendant's store through the large windows at the store's exit, and given that plaintiff recognized that he needed to be careful when leaving the store due to the snow already on the ground and because of the falling rain and snow, no reasonable jury could find that defendant breached its duty "to exercise reasonable care for the [plaintiff's] protection" by failing to warn plaintiff of the slippery condition of the sidewalk. *Henderson*, 17 N.E.3d at 315. *Parojcic v. Bethlehem Steel Corp.*, 128 F.3d 601, 604 (7th Cir. 1997) (looking to plaintiff's own statements in concluding that "did not breach its duty to [plaintiff] because [defendant] could have reasonably expected that he would discover the danger to which he was exposed and protect himself from it.").

As noted above, "[w]hen an individual is already aware of the danger, a warning is not necessary." *Carter*, 139 F.3d at 1164. Put very simply, any warning that defendant could have given plaintiff would have been redundant, as plaintiff already knew about the snow on the ground, already knew about the falling rain and snow, and already knew that he had to be careful as he was exiting the store. The only way that defendant could have prevented plaintiff's fall would have been to clear the sidewalk that plaintiff

17

slipped on. As the court previously determined, however, defendant cannot be liable for failing to clear the sidewalk under Indiana law given the facts of this case. (DE # 58.)

IV.     Conclusion

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED**. (DE # 59.) There being no claims remaining against defendant in this case, the clerk is directed to **ENTER FINAL JUDGMENT** as follows:

> Judgment is entered in favor of defendant Menard, Inc., and against plaintiff Gary Blackburn, who shall take nothing by way of his complaint.

**SO ORDERED.**

Date: November 24, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT